DESAI LAW FIRM, P.C.
Aashish Y. Desai, Esq. (SBN 187394)
Adrianne De Castro, Esq. (SBN 238930)
3200 Bristol Street, Suite 650
Costa Mesa, CA 92626
Telephone:  (949) 614-5830
Facsimile:   (949) 271-4190
aashish@desai-law.com;
adrianne@desai-law.com

DESAI LAW FIRM, P.C.
Aashish Y. Desai (TX 24045164)
2025 Guadalupe St., Ste. 260
Austin, TX 78705
Telephone: (512) 687-3455
Facsimile: (512) 687-3499
aashish@desai-law.com

Attorneys for Plaintiffs BENJAMIN KEGELE,
THOMAS DOROBIALA, SPENCER HENRY,
themselves and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KEGELE, THOMAS DOROBIALA, SPENSER HENRY, themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>1. Violation of Magnuson-Moss Warranty Act (Federal "Lemon Law"), 15 U.S.C. § 2301, *et seq.*;<br><br>2. Violation of California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*;<br><br>3. Violation of the California False Advertising Law, Cal. Civ. Code §§ 17500, *et seq.*;<br><br>4. Violation of Song-Beverly Consumer Warranty Act (California's "Lemon Law") for Breach of Warranty, Cal. Civ. § 1790, *et seq.*;<br><br>5. Violation of California Consumer Legal Remedies Act ,Cal. Civ. Code §§ 1750, *et seq.* |

# INTRODUCTION

Plaintiffs Benjamin Kegele, Thomas Dorobiala, Spenser Henry themselves and on behalf of the other members of the nationwide class they seek to represent ("the Class") against Ford Motor Company ("FORD" or "Defendant"), allege upon personal knowledge as to themselves and their own acts, and as to all other matters upon information and belief, based upon the investigation made by the undersigned attorneys, as follows:

# NATURE OF THE CASE

1.     Plaintiffs bring this class action seeking redress and remedy from FORD on behalf of himself and the other Class Members, each of whom purchased or leased one or more of the following vehicles: May 2020 to May 2022 Mustang Mach-E ("Defective Vehicles").

2.     Each of the Defective Vehicles contains a uniformly designed defective high voltage battery main contactor that could overheat, thereby immobilizing the vehicle or making it lose power during operation.   The contactors on these vehicles are prone to fail during ordinary and foreseeable driving situations.

3.     FORD has actual knowledge that, because of the way in which the battery contactors were designed and integrated into the Defective Vehicles, the contactor switch could suddenly fail during normal operation, cutting off engine power and certain electrical systems in the cars, which in turn, disables key vehicle components, safety features or other vehicle functions, leaving occupants vulnerable to crashes, serious injuries, and death.[1]

4.     FORD's defective design has proximately caused and continues to cause Plaintiff and the other Class Members to suffer economic damages because

---

[1] *See* **Exhibit A**, Ford Recall Letter to the National Highway Traffic Safety Administration ("NHTSA").

2

1  they purchased or leased vehicles that: (a) have diminished value as they presently

2  exist because the vehicles cannot be operated safely without fear of catastrophic

3  event; and (b) require modification of the battery contactors beyond the "over the

4  air" software update that FORD claims will solve the issue.

5      5.    In fact, if FORD is simply cutting power thru the "over the air"

6  software update, recharge times will be much slower and acceleration times will be

7  longer.

8      6.    Through this action, Plaintiffs, themselves and on behalf of the other

9  Class Members, seeks injunctive relief in the form of a repair to fully remedy the

10  defects in the battery contactors such that the Defective Vehicles have their

11  economic value restored and can be operated safely and/or damages to compensate

12  them for the diminished value of their Defective Vehicles as a result of the defect

13  and FORD's wrongful conduct related to same.

14                    **JURISDICTION AND VENUE**

15      7.    This court has subject matter jurisdiction over this action under the

16  Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).  Plaintiffs allege and

17  believe that the aggregate claims of the Class exceed $5,000,000 exclusive of

18  interest and costs.  There are more than 100 Class Members, and many members of

19  the Class are diverse from FORD.

20      8.    This court has personal jurisdiction over FORD because FORD's

21  contacts with the State of California are systematic, continuous, and sufficient to

22  subject them to personal jurisdiction in this Court.

23      9.    Venue is proper in this district under 28 U.S.C. § 1391 because a

24  substantial part of the events or omissions giving rise to the claims occurred within

25  this District.

26                         **PARTIES**

27      10.   Plaintiff Benjamin Kegele is a permanent resident of the United States,

28  currently residing in the State of California, and is a resident of Elk Grove, which is

3

in Sacramento County.

11.    Plaintiff Kegele owns a 2021 Mustang Mach-E.

12.    Plaintiff Thomas Dorobiala is a citizen of the State of California, and is a resident of Murrieta, which is in Riverside County.

13.    Plaintiff Dorobiala owns a 2022 Mustang Mach-E.

14.    Plaintiff Spenser Henry is a citizen of the State of Pennsylvania, and a resident of Lancaster, which is in Lancaster County.

15.    Plaintiff Henry owns a 2022 Mustang Mach-E.

16.    Plaintiffs were recently informed about the recall but their FORD dealers have yet to correct the problem. It is not clear that FORD has a true solution to the battery/overheating issue, particularly since it is unlikely that an "over the air" software update can fix a hardware (contactor) problem.

17.    FORD should have disclosed the battery contactor defects when Plaintiffs purchased the vehicles.

18.    Plaintiffs would not have purchased the vehicle or paid as much as they did had they known of the defects.

**Defendant**

19.    FORD is a multinational automobile manufacturer, doing business in all 50 states, headquartered in Dearborn, Michigan.  It is a publicly traded corporation with its principle place of business at One American Road, Dearborn, Michigan 48126.

20.    The Defective Vehicles were originally designed, manufactured, marketed and distributed into the stream of commerce by FORD between May 2020 to May 2022.  FORD also developed and disseminated the owner's manuals, warranty booklets, advertisements and other promotional materials pertaining to the Defective Vehicles.

//

# FACTUAL BACKGROUND

21.   Pursuant to 49 C.F.R. § 573.6, which requires an automobile manufacturer to "furnish a report to the NHTSA for each defect…related to motor vehicle safety," FORD submitted its Safety Recall Report on June 10, 2022.  In it, FORD estimated that "100%" of 48,924 Mustang Mach-E vehicles sold during May 2020 to May 2022 were involved in the recall.  *See* **Exh. A**.

## FORD Issues a recall

22.   FORD notified its dealers not to deliver the 2021 and 2022 Mustang Mach-E while it resolves the safety issue that could immobilize the vehicles <u>during operation</u>.

23.   The problem, according to FORD, involves the primary contractors of the vehicle's battery which could overheat and cause loss of power or a failure to start.

24.   In spite of these obvious safety concerns, FORD said it "has not issued instructions to stop driving vehicles under this safety recall."

25.   This recall, however, fails to address the design defects in the Defective Vehicles which could disable the vehicles during operation.

## CLASS ACTION ALLEGATIONS

26.   Plaintiffs bring this action as a class under F.R.C.P. 23(a), 23(b)(2), and 34(b)(3) and on behalf of herself and all others similarly situated.  Plaintiffs seek to represent a nationwide class initially defied as:

27.   The Class is defined as:

> **All current and former owners and lessees of a Mustang Mach-E vehicle sold during May 2020 to May 2022 who are subject to the recall initiated by FORD.  An appropriate sub-class exists for all current and former California owners and lessees**.

28.   Excluded from the class are FORD's employees, affiliates, officers, and directors, including franchised dealers, any individuals who experienced

physical injuries as a result of the defects at issue in this litigation, and the judge and court staff to whom this case is assigned.  Plaintiffs reserve the right to amend the definition of the class if discovery or further investigation reveals that the class should be expanded or otherwise modified.

29.   **Numerosity and impracticality of joinder.**  The members of the class are so numerous that joinder of all members is impractical.  Almost 50,000 Class Members purchased or leased the Mustang Mach-E during the liability period.  These members of the class are easily and readily identifiable from information and records in FORD's possession, custody, or control.

30.   **Commonality and predominance**.  There are common questions of law and fact that predominate over any questions affecting the individual members of the class.  Common legal and factual questions include, but are not limited to:

(a) Whether FORD breached the duty of reasonable care it owed to the Class;

(b) Whether FORD's breach of its duties directly and proximately caused the class damages;

(c) Whether FORD omitted, misrepresented, concealed, or manipulated material facts from Plaintiffs and the Class regarding defects, the actions taken to address the defects, and the result of those actions;

(d) Whether FORD had a duty to disclose those defects to Plaintiffs and the other Class Members;

(e) Whether Plaintiffs and the Class Members are entitled to damages; and

(f) Whether Plaintiffs and the Class Members are entitled to equitable relief or other relief, and the nature of such relief.

31.   **Typicality.**  Plaintiffs' claims are typical of the claims of the other Class Members because Plaintiffs and the Class Members purchased the vehicle that continued defective parts.  Neither Plaintiffs nor the other Class Members would have purchased the Mustang Mach-E -- at the price paid -- had they known

of the defects in the vehicles.  These defects pose an unreasonable risk of harm to the Plaintiffs and the Class.  Plaintiffs and the other Class Members suffered damages as a direct proximate result of the same wrongful practices that FORD engaged in.  Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the other Class Members.  Plaintiffs' claims are based upon the same legal theories as the claims of the other Class Members.

32.  **Adequacy**.  Plaintiffs will fully and adequately protect the interests of the other members of the class and have retained class counsel who are experienced and qualified in prosecuting class actions, including consumer class actions and other forms of complex litigation.  Neither Plaintiffs nor their counsel have interests that conflict with the interests of the other Class Members.

33.  **Declaratory and Injunctive Relief.**  FORD has acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class Members -- as a whole.

34.  **Superiority.**  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because, among other thing: it is economically impracticable for members of the class to prosecute individual actions; prosecution as a class action will eliminate the possibility of repetitive and redundant litigation; and a class action will enable claims to be handled in an orderly, and expeditious manner.

## FIRST CAUSE OF ACTION

**Violation of Magnuson-Moss Warrant Act (Federal "Lemon Law")**

**15 U.S.C. §§ 2301, *et seq.***

35.  Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

36.  This court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 by virtue of 28 U.S.C. § 1332(a)-(d).

37.    Plaintiffs are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

38.    FORD is a "supplier," and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(4)-(5).

39.    The Mustang Mach-E 2021-2022 and other Defective Vehicles are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

40.    15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

41.    FORD's express warranties are written warranties within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6). The Mustang Mach-E's implied warranties are covered under 15 U.S.C. § 2301(7).

42.    FORD breached these warranties.

43.    The amount in controversy of Plaintiffs' individual claims meets or exceeds the sum of $25.  The amount in controversy of this action exceeds the sum of $75,000, exclusive of interest and costs, computer on the basis of all claims to be determined in this lawsuit.  Plaintiffs, individually and on behalf of the other Class Members, seek all damages permitted by law, including diminution of value of their vehicles, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### Violation of California Unfair Competition Law

### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

44.    Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

45.    California Business and Professions Code § 17200 prohibits any "unlawful, unfair, or fraudulent business acts or practices."

46.    FORD has violated the unlawful and unfair prongs of § 17200 because

the Defective Vehicles share a common design defect in that they are equipped with defective battery contactor that can suddenly fail during normal operation, leaving occupants of the Defective Vehicles vulnerable to crashes, serious injury, and death.  FORD has admitted that the Defective Vehicles are defective in issuing its recall.

47.    FORD failed to adequately disclose and remedy this issue.

48.    FORD's conduct offends established public policy, as the harm FORD caused to consumer greatly outweighs any benefits associated with those practices.

49.    Plaintiffs and the other Class Members have suffered an injury in fact, including the loss of money or property, as a result of FORD's unfair, unlawful, and/or deceptive practices.

50.    FORD has violated the fraudulent prong of § 17200 because FORD misrepresented the quality, safety, and reliability of the Defective Vehicles.

51.    The   Plaintiffs   and   the   Class   Members   relied   on   the misrepresentations/omissions of FORD with respect to the quality, safety, and reliability of the Defective Vehicles.  Plaintiff and the Class would not have purchased or leased the Defective Vehicles and/or paid as much for them but for FORD's misrepresentations and/or omissions.

52.    All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of FORD's business.  FORD's wrongful conduct is part of a pattern or generalized course of conduct that is still perpetuated and repeated in California.

53.    Plaintiffs, themselves and on behalf of the Class, request that this Court enjoin FORD from continuing its unfair, unlawful, and/or deceptive practices and restore to Plaintiff and the other Class Members any money acquired by its unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203, and Cal. Civ. Code § 334.

# THIRD CAUSE OF ACTION

## Violation of the California False Advertising Law

## Cal. Civ. Code §§ 17500, *et seq.*

54.     Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

55.     Cal Business and Profession Code § 17500 states:

> It is unlawful for any…corporation…with intent directly or indirectly to dispose of real or personal property…to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device,…or in any other manner or means whatever, including over the Internet, any statement…which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

56.     Through advertising, marketing, and other publications, FORD caused statements to be disseminated that were untrue or misleading, and that were known, or that by the exercise of reasonable care should have been known to FORD, to be untrue and misleading to consumers, including Plaintiffs and other Class Members.

57.     FORD has violated § 17500 because its misrepresentations and omissions regarding the safety and reliability of its Defective Vehicles were material and likely to deceive a reasonable consumer.

58.     Plaintiffs and the other Class Members have suffered an injury in fact, including the loss of money or property, as a result of FORD's unfair, unlawful, and/or deceptive practices.   In purchasing or leasing their Defective Vehicles, Plaintiffs and the Class relied on the misrepresentations and/or omissions of FORD with respect to the safety and reliability of the Defective Vehicles.

59.   FORD's representations turned out to be false because the Defective Vehicles share a common design defect in that they are equipped with defective battery contactor that can suddenly fail during normal operations, leaving occupants of the Defective Vehicles vulnerable to crashes, serious injury, and death. Had Plaintiffs and the other Class Members known this, they would not have purchased or leased their Defective Vehicles and/or paid as much for them.

60.   Accordingly, Plaintiffs and the Class overpaid for their defective vehicles and did not receive the benefit of their bargain.

61.   All of the wrongful conduct alleged herein occurred, and continues to occur in the conduct of FORD's business.  FORD's wrongful conduct is part of a pattern of generalized course of conduct that is still perpetuated and repeated in California.

62.   Plaintiffs, themselves and on behalf of the Class, requests that this Court enjoin FORD from continuing its unfair, unlawful, and/or deceptive practices and to restore Plaintiffs and the other Class Members any money acquired by unfair competition, including restitution and/or restitutionary disgorgement, and other such relief as is appropriate.

## FOURTH CAUSE OF ACTION

**Violation of Song-Beverly Consumer Warranty Act (California's "Lemon Law") for Breach of Warranty Cal. Civ. Code § 1790, *et seq.***

63.   Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

64.   Plaintiffs and the other Class Members who purchased their Defective Vehicles in California are "buyers" within the meaning of Cal. Civ. Code § 1791.

65.   The Defective Vehicles are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

66.   FORD is a "manufacturer" of the Defective Vehicles within the meaning of Cal. Civ. Code § 1791(j).

1    67.    Plaintiffs and the Class bought/leased new motor vehicles
2  manufactured by GM.

3    68.    FORD made express warranties to Plaintiffs and the other Class
4  Members within meaning of Cal. Civ. Code §§ 1791.2 and 1793.2 in its warranty,
5  manual, and advertising, as described above.

6    69.    The Defective Vehicles share a common design defect in that they are
7  equipped with defective battery contactor that can suddenly fail during normal
8  operations, leaving occupants of the Defective Vehicles vulnerable to crashes,
9  serious injury, and death.   FORD has admitted that the Defective Vehicles are
10 defective in issuing its recall.

11   70.    The Defective Vehicles are covered by FORD's express warranties.
12 The defects described herein substantially impair the use, value, and safety of the
13 Defective Vehicles to reasonable consumers, including Plaintiffs and the Class.

14   71.    FORD was provided notice of these issues and defects by numerous
15 complaints filed against it, as well as its own internal knowledge derived from
16 testing and internal expert analysis.

17   72.    As a result of FORD's breach of its express warranties, Plaintiffs and
18 the Class received goods whose dangerous condition substantially impairs their
19 value to Plaintiff and the other Class Members.   Plaintiffs and the other Class
20 Members have been damaged as a result of diminished value of FORD's products,
21 the product's malfunctioning, and the non-use of their Defective Vehicles.

22   73.    Pursuant to Cal. Civ. Code §§ 1793.2 & 1794, Plaintiffs and the Class
23 are entitled to damages and other legal and equitable relief including, at their
24 election, the purchase price of their vehicles, or the overpayment or diminution in
25 value of their Defective Vehicles.

26   74.    Pursuant to Cal. Civ. Code § 1794, Plaintiff and the other Class
27 Members are entitled to costs and attorneys' fees.

28

## **FIFTH CAUSE OF ACTION**

### **Violation of California Consumer Legal Remedies Act**

### **Cal. Civ. Code §§ 1750, *et seq.***

75.     Plaintiffs repeat and reallege all paragraphs above as if fully set forth herein.

76.     Plaintiffs and the other Class Members were deceived by FORD's failure to disclose that the Defective Vehicles share a common design defect in that they are equipped with defective battery contactors that can suddenly fail during normal operations, leaving occupants of the Defective Vehicles vulnerable to crashes, serious injury, and death.  FORD has admitted that the Defective Vehicles are defective in issuing its recall.

77.     FORD intended for Plaintiffs and the other Class Member to rely on it to provide safe, adequately designed, and adequately manufactured automobiles and to honestly and accurately reveal the problems described throughout this Complaint.

78.     FORD intentionally failed or refused to disclose the defect to consumers and, instead allowed consumers to believe the representations it had made about the Defective Vehicles.

79.     FORD's conduct and deceptive omission were intended to induce Plaintiffs and the Class to believe the defective vehicles were safe, adequately designed, and adequately manufactured automobiles.

80.     FORD's conduct constitutes unfair acts or practices as defined by the California Consumer Legal Remedies Act ("CLRA").

81.     Plaintiffs and the other class have suffered injury in fact and actual damage resulting from FORD's material omissions and misrepresentations because they paid an inflated price for the Defective Vehicles.

82.     Plaintiffs and the other Class Members' injuries were proximately caused by FORD's fraudulent and deceptive business practices.

83.  FORD's conduct described herein is fraudulent, wanton, and malicious.

84.  Pursuant to Cal. Civ. Code § 1782(d), Plaintiffs, themselves and on behalf of the Class, seeks a Court order enjoining the above-described wrongful acts and practices of FORD. Plaintiffs and the other Class Members request restitution, disgorgement, or damages under the CLRA pursuant to § 1782(d) of the Act.

85.  Pursuant to § 1782 of the Act, Plaintiffs provided FORD written notice of its violations of the CLRA, and demands that FORD rectify the problems associated with the actions detailed above and give notice to all affected consumers of FORD's intent to so act.  **Exhibit "B."**

86.  If FORD fails to rectify or agree to rectify the problems associated with the actions detailed above, and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782 of the Act, Plaintiffs will amend this complaint to add claims for actual, punitive and statutory damages, restitution, and disgorgement under the CLRA as appropriate under the Cal. Civ. Code § 1780, and § 1782(d).

87.  Pursuant to § 1780(c) of the Act, attached hereto is the affidavit showing that this action has been commenced in the proper forum. **Exhibit "C."**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

(a)  That the Court certify this action as a nationwide class action as to the first cause of action and a California sub-class for the second, third, forth and fifth causes of action -- appointing Plaintiffs as class representatives and appointing Plaintiffs' Counsel as lead counsel;

(b)  That the Court enjoin FORD from continuing the unfair practices alleged in this Complaint and requiring FORD to repair the Defective Vehicles;

(c)     That the Court award Plaintiffs and the other Class Members compensatory damages in an amount to be proven at trial;

(d)     That the Court award Plaintiffs and the other Class Members punitive damages in an amount to be proven at trial;

(e)     That the Court award Plaintiffs and the other Class Members attorneys' fees, costs, and expenses; and

(f)     That the Court award Plaintiffs and the other Class Members all other and further relief as this Court deems appropriate and just under the circumstances.


Date:  July 1, 2022                    DESAI LAW FIRM, P.C.

                                       By /s/ *Aashish Y. Desai*
                                           Aashish Y. Desai, Esq.
                                           M. Adrianne De Castro, Esq.
                                           Attorneys for Plaintiffs, themselves
                                           and on behalf of all others similarly
                                           situated


## DEMAND FOR JURY TRIAL

Plaintiffs request trial by jury on all issues so triable.


Date:  July 1, 2022                    DESAI LAW FIRM, P.C.

                                       By /s/ *Aashish Y. Desai*
                                           Aashish Y. Desai, Esq.
                                           M. Adrianne De Castro, Esq.
                                           Attorneys for Plaintiffs, themselves
                                           and on behalf of all others similarly
                                           situated